UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES PATENT AND TRADEMARK OFFICE, et al.,<br><br>    Defendants. | Case No. 5:17-cv-03325-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**RE: DKT. NOS. 18, 26** |

## I. INTRODUCTION

Pending before the Court are two motions. First, Plaintiff Dr. Lakshmi Arunachalam ("Plaintiff") seeks recusal of the undersigned judge pursuant to Judicial Canons 2 and 3 and 28 U.S.C.§§144, 455. Although the basis for Plaintiff's motion is not entirely clear, it appears that Plaintiff's assertions of lack of impartiality, bias, and prejudice are based upon rulings by the undersigned that Plaintiff perceives as unfavorable. The motion is denied. Judicial rulings are not a proper ground for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Second, Defendants United States Patent and Trademark Office ("USPTO"), Patent Trial and Appeal Board ("PTAB"), and United States move to dismiss Plaintiff Dr. Lakshmi Arunachalam's complaint pursuant to Rule 12(b)(1) and (b)(6), Fed.R.Civ.P. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to

Case No.: 5:17-cv-03325-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1

1 Civil Local Rule 7-1(b). For the reasons set forth below, Defendants' motion to dismiss is
2 GRANTED.

## II. BACKGROUND

Plaintiff's complaint in this case is substantially similar to the complaints filed in Arunanchalam v. U.S. et al, C16-6591 EJD and Arunanchalam v. Andrews et al, C17-3383 EJD. Plaintiff alleges that she is an inventor and owns several patents relating to technology underlying Web applications, and that she has been deprived of her patents in violation of her constitutional rights. Plaintiff asserts claims for breach of contract, treason, conspiracy and denial of due process, which are all predicated on actions taken by the PTAB during its review of Plaintiff's patents. Among other things, Plaintiff alleges that the PTAB denied her electronic filing privileges, refused to docket her pleadings, and issued rulings that were adverse to her. In the prayer for relief, Plaintiff seeks to void all USPTO and PTAB orders against her, and requests an award of damages in excess of $250 billion.

## III. STANDARDS

Rule 12(b)(1), Fed.R.Civ.P., allows a defendant to challenge a court's subject matter jurisdiction. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Pro se pleadings must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). The Court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). The Court "should use common sense in interpreting the frequently diffuse pleadings of pro se complaintants." Id. A pro se complaint

Case No.: 5:17-cv-03325-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

## IV. DISCUSSION

Plaintiff's claims are barred by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (federal judges have absolute immunity from civil liability for acts taken in their judicial capacity); see also Jones v. U.S. Supreme Court, 2010 WL 2975790 (N.D. Cal. 2010) (judicial immunity bars claims that are based upon allegations concerning judicial officer's decision-making while presiding over cases and acts performed in judicial capacity). Judicial immunity applies even where "the action [the judge] took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987), quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). In Butz v. Economou, 386 U.S. 547, 554 (1967), the Supreme Court extended judicial immunity to administrative judges, reasoning that "adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits from damages."

In the present case, Plaintiff alleges that the PTAB judges denied her electronic filing privileges, refused to docket her pleadings, and issued rulings in contravention of the doctrines of patent prosecution history estoppel and *res* judicata. The PTAB was clearly acting within its judicial capacity when taking these alleged actions. Accordingly, judicial immunity applies. Further, sovereign immunity applies to claims against the United States or its agencies. United States v. Mitchell, 463 U.S. 206, 212 (1983); see also Balser v. Dept. of Justice, 327 F.3d 903, 907 (9th Cir. 2003) (any lawsuit against an agency of the U.S. is an action against the U.S.).

//

//

//

Case No.: 5:17-cv-03325-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

# V. CONCLUSION

Defendants' motion to dismiss is GRANTED. Because any amendment to the complaint would be futile, the dismissal is with prejudice. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

**IT IS SO ORDERED.**

Dated: September 14, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-03325-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4