Lakshmi-Arunachalam, Ph.D.
222 Stanford Avenue,
Menlo Park, CA 94025
TEL: (650) 690-0995; FAX: (650) 854-3393
Email: laks22002@yahoo.com

*Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKSHMI-ARUNACHALAM,PH.D., Plaintiff,<br><br>vs.<br><br>THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEALS BOARD, THE UNITED STATES, AND DOES 1-100 INCLUSIVE, Defendants. | CASE NO. CV 17-3325-EJD<br><br>**PLAINTIFF'S RULE 60(b) MOTION TO VACATE JUDGMENT FOR ERROR BY THE COURT; AND NOTICE OF HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LAKSHMI-ARUNACHALAM, PH.D.**<br><br>DATE: February 8, 2018<br>TIME: 9:00 a.m.<br>COURTROOM: 4, 5th Floor<br>HON. EDWARD J. DAVILA |

Pursuant to FRCP 60(b), Plaintiff Lakshmi-Arunachalam, Ph.D. hereby respectfully moves for an order vacating the judgment entered on September 14, 2017 by Judge Davila in this Court for the following reasons: error by the Court; the judgment is void; fraud, misrepresentation and misconduct by an opposing party, namely, the U.S. Attorney Ms. C. Cormier;  or any other reason that justifies relief, namely, abuse of discretion and judicial misconduct; based upon this Notice, the attached Memorandum of Points and Authorities, the declaration of Dr. Arunachalam attached hereto,  Request for Judicial Notice of (a) CAFC Ruling in *Aqua Products v. Matal*, Case 15-1177, Oct 4, 2017; (b) J.  Marshall's *'First Impression'* ruling in *Fletcher v. Peck*, 10 U.S. 87(1810);  **and,**  (c) Patent Prosecution Histories of Plaintiff's patents deriving a priority date of 11/13/1995 from her Provisional application  with S/N 60/006,634;  the complete files and records of this action,

Exhibit of Excerpts from Plaintiff's Opposition (D.I. 21) to Defendants' Motion to Dismiss, and such other and further oral and documentary evidence as may be presented at the hearing on this Motion.. Plaintiff hereby provides Notice of Hearing on said Motion  to be held on the same date and time scheduled to hear a similar Motion in related Case 17-3383-EJD, namely, February 8, 2018 at 9 am in Courtroom 4, 5th floor before Hon. Judge Edward J. Davila.

## MEMORANDUM OF POINTS AND AUTHORITIES
### A.  SUMMARY OF CLAIMS

Judge Davila made an error by **not adjudicating on the facts or the law** and summarily dismissing the case stating the Judges had immunity (what does judicial immunity have to do with the key claim  brought in the action, namely, Breach of Contract by the USPTO?)  and he failed to adjudicate on the  issues brought to his attention  by Plaintiff, namely, he ignored the key material facts of the case: (i) the PTAB judges Siu and McNamara, as per their own Annual Financial Disclosure Statements, had direct stock in a litigant, Microsoft, who requested the re-examinations of Plaintiff's patents, and failed to recuse, thereby voiding their decisions; (ii) PTAB and USPTO **warred against the Constitution by failing to abide by U.S. Supreme Court Chief Justice Marshall's *First Impression* Constitutional *Res Judicata* Ruling in *Fletcher v. Peck*, 10 U.S. 87 (1810), prohibiting the quashing of Patent Contract Grants by the most absolute power, establishing the Law of the Land**; (iii) **USPTO and PTAB failed to abide by the contract terms of the Patent Contract with the Plaintiff**, namely, **Patent Prosecution History Estoppel** which bars changing the claim constructions of terms agreed to between Plaintiff inventor and the original Examiner, or to invalidate a patent before its term by unconstitutional re-examination of a granted

2

Patent, when the PTAB is really only to review a patent application, not a granted patent; (iv) fraudulent inducement by USPTO for Plaintiff inventor to file a patent application in a scam to only steal Plaintiff's inventions on behalf of Corporate infringers by unconstitutional re-examinations of granted patents, not a patent application; (v) allowing the PTAB and Federal Courts to get away with not reviewing the entire record (in other words, Patent Prosecution History) which would have surely shown that the claim terms ruled indefinite by Judge Robinson in the JPMorgan case 12-282-SLR/RGA (D.Del.) have already been defined both in the specification as well as in the Patent Prosecution History when the inventor and the original Examiner had agreed to the meaning and construction of the terms ruled indefinite, such as, VAN switch, means for switching, switching, service network, and many many more terms construed incorrectly by not reviewing the record by the PTAB, in violation of the October 4, 2017 Federal Circuit ruling in Aqua Products v. Matal, Case No. 15-1177, *see infra*.

## RECENT NEW FACTS AND THE LAW THAT HAVE EMERGED AND ITEMS FOR JUDICIAL NOTICE

1. **This Court must take Judicial Notice of: A Precedential Ruling on October 4, 2017 by the U.S. Court of Appeals for the Federal Circuit in CAFC Case No. 15-1177, _Aqua Products, Inc. v. Matal_, was brought to my awareness by the PTAB on 10/12/17, which has tremendous bearing on the instant Case:**

> "… the AIA's statutory language in 35 U.S.C. § 316(e), which places "the burden of proving a proposition of unpatentability by a preponderance of the evidence" onto the petitioner in an IPR… Upon review of the statutory scheme, we believe that § 316(e) unambiguously requires the petitioner to prove all propositions of unpatentability… And we believe that…the most reasonable reading of the AIA is one that places the burden of persuasion with respect to the patentability of amended claims on the petitioner. Finally, we believe that the Board **must consider the entirety of the record before it when assessing the patentability** of … claims under § 318(a) and must justify any conclusions of unpatentability with respect to… claims based on that record. *Footnote 1*: **To the extent our prior decisions** in *Microsoft Corp. v. Proxyconn, Inc.,* 789 F.3d 1292 (Fed. Cir. 2015); *Prolitec, Inc. v.*

*ScentAir Techs., Inc.,* 807 F.3d 1353 (Fed. Cir. 2015), petition for reh'g pending; *Synopsys, Inc. v. Mentor Graphics Corp.,* 814 F.3d 1309 (Fed. Cir. 2016); and *Nike, Inc. v. Adidas AG,* 812 F.3d 1326 (Fed. Cir. 2016), **are inconsistent with this conclusion, we overrule those decisions**."

The Federal Circuit has overruled those past decisions inconsistent with CAFC's conclusion in *Aqua Products Inc. v Matal*, in which it requires that the PTAB (and hence the Federal Courts, as well) **"must consider the entirety of the record before it when assessing the patentability** of … claims under § 318(a) and must justify any conclusions of unpatentability with respect to… claims based on that record."

This is the same as saying that the PTAB  and USPTO failed to uphold Patent Prosecution History Estoppel, because they failed to review the entire record or the Patent Prosecution History, and in such cases, the Federal Circuit has overruled its past rulings that are inconsistent with their conclusion in *Aqua Products Inc. v Matal,* as the PTAB  and USPTO did not  have the Petitioner or infringers of my patents to provide the burden of proof even by a preponderance of evidence of any unpatentability, let alone by Section 282 of the Patent Act requiring the challenger to provide proof by "clear and convincing evidence."  Therefore, the rulings by Judge Robinson in 12-282-SLR/RGA (D.Del) and by Judge Laporte in the Fremont Bancorporation case 15-23-EDL (N.D.Ca); the Fulton Financial case 14-490-RGA (D.Del.) and the Federal Circuit's own ruling in  my Appeals 14-1495; 15-1831,  the Microsoft case 16-1607, and the 4 SAP cases  of the PTAB re-examinations of my U.S. Patent Nos. 8,108,492; 5,987,500; and 8,037,158, and many, many more need to be reversed precisely for the same reason as the CAFC ruled in *Aqua Products.*

2. **This Court must take Judicial Notice of: "When Ineffective Assistance Becomes Malpractice" by _Jonathan H. Adler_ on November 5, 2009, 9:47 am in Habeas, Sixth Circuit: Plaintiff's COUNSEL Pazuniak in the JPMorgan Case 12-282-RGA (D.Del.) provided ineffective assistance. Pazuniak's representation was constitutionally inadequate, are grounds for new trial**.

"**Ineffective assistance of counsel** is a common habeas petition claim, particularly in capital cases. This has led me to wonder <u>whether legal representation that is constitutionally deficient should presumptively constitute legal malpractice.</u> After all, for a capital defendant, effective assistance of counsel can be a matter of life and death. … But what of shoddy or negligent legal work? Should that be sanctionable too? Yesterday the U.S. Court of Appeals for the Sixth Circuit decided _Johnson v. Mitchell_, an appeal from a district court's denial of habeas relief for convicted murderer Gary Van Johnson. The three-judge panel, in an opinion by Judge Martha Craig Daughtrey, denied six of Johnson's seven claims, yet **granted relief on an ineffective assistance claim**. … Johnson was initially convicted in 1983 and sentenced to death. A new attorney represented Johnson on appeal, arguing (among other things) that **Johnson had received ineffective assistance of counsel during the penalty phase of his trial**. Specifically, Johnson's initial attorney had failed to investigate Johnson's background for potential mitigation evidence that could be presented to the jury. <u>The Ohio Supreme Court agreed, vacated Johnson's sentence and ordered a new trial.</u> Johnson's new attorney — the one who had successfully argued that **Johnson's initial representation was constitutionally inadequate** — represented Johnson in the new trial. … <u>Thus, Johnson once again received ineffective assistance of counsel.</u> Indeed, **according to the Sixth Circuit, Johnson's representation the second time around was "more egregiously deficient" than in most prior cases**. The same attorney who secured that favorable decision from the Ohio Supreme Court, James Willis, also represented Johnson at the retrial. But, after arguing successfully that Johnson's original attorney had been **constitutionally ineffective in failing to present available mitigating evidence** at the penalty phase of the proceedings, Willis himself committed the same grievous error . . .The petitioner's counsel at his second trial reviewed the transcript of the first trial, <u>noted the ineffective assistance provided by Johnson's original attorney, and convinced the Ohio state courts that it violated constitutional</u> standards of representation. Nevertheless, prior to and during Johnson's second trial, attorney Willis admittedly interviewed no new or old witnesses, did not request or hire an investigator for the second trial, "felt there was no need for any new investigation into Gary Johnson's case," did not seek any discovery prior to the second trial, and presented no evidence in mitigation at the second trial. Thus, in effect, Willis merely replayed the disastrous initial trial a second time. … **What is particularly striking** about this case is that Johnson's **attorney _knew_ that the failure** to investigate Johnson's background **constituted ineffective assistance of**

**counsel, and could be grounds for a new trial.** So **the only question was whether the attorney's deficient representation was a product of incompetence or design.** Either way, Johnson **should not suffer for his attorney's malfeasance.** The attorney, on the other hand, should be subject to sanction."

3. **This Court must take Judicial Notice of: U.S. Supreme Court Chief Justice Marshall's *'First Impression'* Constitutional *Res Judicata* ruling in *Fletcher v. Peck*, 10 U.S. 87 (1810) prohibiting the quashing of a Patent Contract Grant by the most absolute power**.

**Judge Davila's ruling** dismissing the case based on judicial immunity which the PTAB judges and Federal Judges lost anyway by warring against the Constitution and not enforcing the Law of the Land and also lost their subject-matter jurisdiction, voiding their orders, **is an error**, as the non-**existent judicial immunity anyway is not relevant to the Breach of Contract case against the USPTO. The Federal Circuit's ruling in *Aqua Products* shows and proves the PTAB has breached its contract in exactly the same manner with me, the inventor and Plaintiff**.

**Furthermore, the Judge has tolerated the misrepresentation and fraud on the Court committed by opposing Counsel Ms. Cormier, who infected all three related cases 16-6591-EJD, 17-3325-EJD and 17-3383-EJD, by influence peddling her position as the U.S. Attorney ("USA")** to falsely portray as if the four individuals Richard G. Andrews, Leonard P. Stark, Elizabeth D. Laporte and Sue L. Robinson are her clients, when her own evidence that she submitted to the Court in Case 17-3383-EJD (N.D.Ca) proves she did not get permission from those 4 individuals     that they are her clients, which they are not. The Judge did not investigate this issue, even after the Court, the Judge, the Clerk of the Court and the USA were all put on notice, and yet Judge Davila, dismissed both the cases for no

rhyme or reason, giving a reason of judicial immunity (albeit, non-existent), which did not address the issues of fact or the law in either of the 2 cases 17-3325 or 17-3383.

Plaintiff is hence seeking relief herewith from a judgment on motion when it is "inequitable to permit a judgment to stand." *See Ackerman v. United States*, 340 U.S. 193, 202 (1950) (Black, J., dissenting), in order to safeguard against potential due process violations, as in the instant case. Rule 60(b) authorizes the reopening of cases in which final orders have been inadvisedly [sic] entered, as in the instant case. Plaintiff moves the Court to revisit and overturn a judgment under Rule 60(b). This case meets all 6 conditions of Rule 60(b), as outlined below: (1) The Judge made an error, under Rule 60(b)(1); (2) Plaintiff has presented newly discovered evidence, that has become available only very recently, meeting the requirements of Rule 60(b)(2); (3) Opposing Counsel Ms. Cormier's fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party, Ms Cormier in filing a false pleading, slandering Plaintiff with baseless allegations, false in fact and the law;    in related Case 17-3383-EJD that has infected this case 17-3325-EJD, meeting the requirements of Rule 60(b)(3); (4) the judgment is void because many players, USPTO, PTAB judges, and Federal Judges, have warred against the Constitution and breached their solemn Oaths of Office, thereby losing jurisdiction and immunity a, thereby voiding the Judgment(s), thereby meeting the requirements under Rule 60(b)(4);    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application, as per  the recent ruling by CAFC in *Aqua Products.* thereby meeting the requirements under Rule 60(b)(5); and (6) The Courts and

USPTO/PTAB failed to abide by: (i)  J. Marshall's ruling in *Fletcher*, prohibiting the quashing of Patent Contract Grants by the most absolute power; The Courts;  and (ii) Patent Prosecution History Estoppel previously upheld by the CAFC and the U.S. Supreme Court and failed to review the entire record, thereby  meeting the requirements under Rule 60(b)(6).

FED. R. CIV. P. 60(b). The full text of Rule 60(b) states: (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party 's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff has made this motion in a timely manner, after the judgment, order, or proceeding was entered or taken. Rule 60(b) does not limit the power of the Court to entertain an independent action to relieve Plaintiff from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

Plaintiffs have a right to litigate claims when they are wronged, and the court has taken away that right. If parties are allowed to manipulate, and otherwise make a

mockery of the "the temple of justice" through acts of fraud and unnecessary delay, the public will lose faith in the court's ability to settle disputes based on the facts and substantive law. Protecting against fraud is an inherent power of the court. Consequently, it is grounds for relief from judgment under both 60(b)(3) and 60(b)(6). Rule 60(b)(3) codifies an "'historic power of equity to set aside fraudulently begotten judgments'. . . . [which] is necessary to [uphold] the integrity of the courts . . . ." *Chambers*, 501 U.S. at 44 (quoting *Hazel-Atlas Glass Co*., 322 U.S. at 238).

Fraud upon the court is extended to officers of the court, and when an attorney exerts improper influence on the court "the integrity of the court and its ability to function impartially is directly impinged." *R.C. by Ala. Disabilities Advocacy Program*, 969 F. Supp. at 691 (citing *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp*., 12 F.3d 1080, 1085-86 (Fed. Cir. 1993)). In addition, although 60(b)(3) seems to cover fraud, it only concerns fraud of an adverse party. See FED. R. CIV. P. 60. Rule 60(b)(6), on the other hand, has very broad language: "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60.

Subclauses 60(b)(1) and 60(b)(2) concern relief from judgment for mistake and newly discovered evidence, and subclauses 60(b)(4) and 60(b)(5) permit relief from judgment when the judgment is void or when "it is no longer equitable to impose the judgment." These rules address the broad equitable powers of the courts. Specifically, "Rule 60(b)(5) represents a codification of preexisting law, recognizing the inherent power of a court sitting in equity to modify its decrees prospectively to achieve equity."Parties bring their disputes to court to receive justice. If courts cannot provide justice under the law, then the system will fail. These Rules are designed to give the court flexibility to manage cases

equitably by ensuring that a court's holding is accurately reflected in its decision and is based on all of the facts. Therefore, these Rules maintain the integrity of the court so that the institution will guarantee verdicts that reflect a court's intention.

If the judgment is the result of error or fraud, then finality impedes the pursuit of justice. *S. Pac. R.R. Co. v. United States*, 168 U.S. 1, 48-49 (1897).

It should also be noted that under §200(4) of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C. [App.] §501 *et seq*. [§520(4)]), a judgment rendered in any action or proceeding governed by the section may be vacated under certain specified circumstances upon proper application to the court.

In *Klapprott v. United States*, the first United States Supreme Court case to construe Rule 60(b)(6), Justice Black stated that "the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. 335 U.S. 601, modified, 336 U.S. 942 (1949).

The rule states that a court may relieve a party from final judgment —[o]n motion and just terms under five enumerated grounds (including mistake, newly discovered evidence, fraud, voidness, and judgment satisfaction) and one catchall provision. The catchall, Rule 60(b)(6), provides that a court can relieve a party from judgment for —any other reason that justifies relief.

The justice interests are strong, in the instant case.  There is space for a more equitable consideration of extraordinary circumstances in the context of providing relief from unjust grounds.

Plaintiff respectfully requests that the Court grant me  relief under F.R.C.P. 60(b).

Such a mistake suffices as a basis to set aside the Judgment  under F.R.C.P. 60(b). Attached please find Dr. Arunachalam's Declaration in support of this Motion. For all the above reasons, this Court must provide relief from judgment to Plaintiff where justice so demands.

Defendants' Motion and the Judgment and Order of 9/14/17 do not address the real issues in the case: Defendants and any Court cannot overturn J. Marshall's '*First Impression'* Constitutional *Res Judicata* Decision prohibiting the quashing of Government Grants in *Fletcher v. Peck*, 10 U.S. 87 (1810); they have no case to adjudicate; and, one to uphold by and consistent with their Oaths of Office, or Attorney License; and ministerial obligations; and this Court must find for Plaintiff.   It is undisputed that AIA, District and Appellate ("CAFC") courts, USPTO/PTAB departed from *Fletcher*, Constitutional precedents and Patent Prosecution History Estoppel contract provision application to 'Granted Patents.'

 **Conclusion:**

 ***WHEREFORE***, this Court must vacate its Judgment and Order of 9/14/17 and dismiss Defendants' Motion to Dismiss. This Court should sanction Defendants' counsel for their faulty illegal logic, lies, perjury  and 'fraud on the court' to induce this Court  to violate its oath of office and predicated on non-law, false law, perverted law based on Defendants' counsel's  incompetence requesting the Court to take Defendants' counsel's illogical opinions to supersede U.S. Supreme Court decisions. Court should grant Plaintiff's Motion and find for Plaintiff in this case and related cases, as Defendants have no case or defense. A Certificate of Service, a Proposed Order, and  Exhibit of excerpts from Plaintiff's  (D.I. 21)  to Defendant's Motion to Dismiss are  attached.

October 13, 2017                    Respectfully submitted,

222 Stanford Avenue
Menlo Park, CA 94025                *Lakshmi Arunachalam*
T: 650.690.0995, Laks22002@yahoo.com   Lakshmi-Arunachalam, Ph.D.
                                    *Plaintiff*

**<u>Exhibit: Excerpts from Plaintiff's Opposition/Response (D.I.21) to Defendants'
Motion to Dismiss in this Case 17-3325-EJD</u>**

"….Judges in the underlying USPTO/PTAB, CAFC and Delaware District Court cases

lacked jurisdiction.

**UNDISPUTED FACTS**

**I.      A Patent is a Contract between the Inventor and the Government**

W. E. Simonds, USPTO Commissioner from 1891 to 1892, in the Manual of

Patent Law (1874); and Summary of the Law of Patents (1883) stated:

> "A Patent is a Contract between the inventor and the Government
> representing the public at large."

Madison in Federalist No. 44 stated:

> "Patent rights receive protection pursuant to …contracts between
> inventors and the federal government…."   Madison in Federalist
> No. 44

**II.     A Patent Grant cannot be quashed by the highest authority
[without treasonous contempt for 'The Law of the Land.']**

In *Fletcher*, J.   Marshall's *'First Impression'* Constitutional *Res Judicata*

Ruling, prohibited the quashing of Government Grants:

> "A party to a contract cannot pronounce its own deed invalid,
> although that party be a sovereign State. A grant is a contract…A
> law annulling conveyances is unconstitutional because it is a law
> impairing the obligation of contracts within the meaning of the
> Constitution of the United States…"
> "A contract … says Blackstone, differs in nothing from a grant. …
> **A party is therefore always estopped by his own grant**… **does
> not possess the power of revoking its own grants**…"
> "…**are applicable to contracts of every description**."
> "When   the   legislature…once   conveyed…property…to   the
> individual…lost all control over it; **have nothing to act upon**; it
> has passed from them; is vested in the individual; becomes
> intimately blended with his existence, as essentially so as the blood
> that circulates through his system."
> "…**cannot be recalled by the most absolute power**…"

> "…rescinding act would have the effect of an *ex post facto* law. It forfeits the estate of… for a crime not committed by himself, but by those …."
> "This cannot be effected in the form of an *ex post facto* law or bill of attainder; … a law annulling the original grant?"

The Constitution of the United States declares:

> "…no State shall pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts."

This *'First Impression'* ruling has been affirmed by the U.S. Supreme Court: *Dartmouth College v. Woodward* (1819), *Grant v. Raymond* (1832), *Shaw v. Cooper* (1833), *Marquez v. Frisbie*, 101 U.S. 473 (1879), *U.S. v. American Bell Telephone Company* (1897); collectively, imposing a constitutional duty to enforce 'The Law of the Land' respecting government grants. Anyone requesting the Court to entertain the quashing of a grant for ***any*** reason is violating the Constitution itself and is treasonous.

**III.    J. Marshall declared: "The Law of this case is the law of all." [The entire Patent Enterprise and Judicial counterparts are ignorant of the law respecting this mandate; or, wantonly indifferent to its mandated enforcement.]**

J. Marshall stated in *Dartmouth*: "Circumstances have not changed it. In reason, in justice, and in law, it is now what was in 1769… <u>The opinion of the Court…is…this is a contract the obligation of which cannot be impaired without violating the Constitution of the United States</u>…" Any decision encroaching on the U.S. Constitution contrary to the Law of the Land respecting 'Granted Patents' is void and non-enforceable; along, with any immunities for their individual assaults on the Constitution. "There can be no judgment or choice if a "'federal statute, regulation or policy specifically prescribes a course of action for an employee to follow," — a Grant and 'Patent Prosecution History Estoppel' *cannot be voided by a judge*. All sworn officials are duty bound to uphold these

substantive patent mandates; or, find themselves <u>without jurisdiction and without immunity and treasonably at war with the Constitution</u>. Why any court does not adjudicate or adjudicates contrary to the Law of the Land is a question warranting federal indictments, as it is wanton.

**IV.     Courts have a duty to enforce the Law of the Land protecting the Prohibitive Mandate. [Failing to do so is a wanton breach of Oath and duty.]**

This Court is duty-bound by adjudicative trust laid upon it by J. Marshall in *Fletcher* and in *Grant v. Raymond* (1832) to ensure the "faithful execution of the solemn promise made by the United States" in protecting the *'First Impression'* Constitutional *Res Judicata* prohibitive mandate against invalidating patent grants *formally* issued by the Government using perfect good faith.

**V.     Supreme Court Precedents evidence Defendants lied about Treason, Judicial Immunity, Jurisdiction and all Counts. Judges warred against the Constitution, lost judicial immunity, jurisdiction, breached Oath of office.**

**1.     Judicial Immunity is Unconstitutional by Supreme Court Precedent:**

Defendants falsely state: "Absolute Judicial Immunity bars plaintiff's claims." pp. 12-13. The U.S. Supreme Court stated:

> "<u>Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction</u>." [*Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)]

> "In 1996, Congress passed a law ..that judicial immunity does not exist; citizens can sue judges for prospective injunctive relief."

> "Our own experience is fully consistent with the common law's rejection of a rule of judicial immunity. We never have had a rule of absolute judicial immunity… seven circuits have indicated affirmatively that <u>there is no immunity... to prevent irreparable injury to a citizen's constitutional rights</u>..." "Subsequent interpretations of the Civil Rights Act by this Court acknowledge Congress' intent to reach unconstitutional actions by all state and federal actors, including judges... <u>The Fourteenth Amendment prohibits a state [federal] from denying any person [citizen] within</u>

its jurisdiction the equal protection under the laws. Since a State [or federal] acts only by its legislative, executive or judicial authorities, the constitutional provisions must be addressed to those authorities, including state and federal judges..." "We conclude that judicial immunity is not a bar to relief against a judicial officer acting in her [his] judicial capacity." [*Pulliam v. Allen*, 466 U.S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, and 1985].

"… a ministerial officer who acts wrongfully… is … liable in a civil action and cannot claim the immunity of the sovereign." [*Cooper v. O'Conner*, 99 F.2d 133]

"Constitutionally and in fact of law and judicial rulings, state-federal "magistrates-judges"… government actors, state or federal, may now be held liable, if they violate any Citizen's Constitutional rights, privileges, or immunities, or guarantees; including statutory civil rights....." [*Forrester v. White*, 484 U.S. at 227-229, 108 S. Ct. at 544-545 (1987); *Westfall v. Erwin*, 108 S. Ct. 580 (1987); *United States v. Lanier* (March 1997)]

"...the constitution of the United States confirms … that a law repugnant to the constitution is void, and that courts, as well as other departments, are bound by that instrument." ... the 14th Amendment to the Constitution states "NO State (Jurisdiction) shall make or enforce any law which shall abridge the rights, privileges, or immunities of citizens of the United States nor deprive … without due process of law,... or equal protection under the law", this renders judicial immunity unconstitutional. [*Marbury v. Madison*, 5 U.S. (2 Cranch) 137, 180 (1803)].

"By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect. ... "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." [*Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)]

"… in a jurisdictional vacuum (that is, absence of all jurisdiction) the second prong necessary to absolute judicial immunity is missing. …." [*Stump v. Sparkman*, id., 435 U.S. 349]

The Ninth Circuit Court of Appeals reversed an Arizona District Court dismissal based upon absolute judicial immunity, finding that both necessary immunity prongs were absent.

When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites, he may be held civilly liable for abuse of process …. [*U.S. Fidelity & Guaranty Co*. (State use of), 217 Miss. 576, 64 So. 2d 697]

Defendants ask: Whether a patent is a contract. Yes, by Supreme Court precedent.

**2.** **Jurisdiction:**

This Court has jurisdiction over contract claims against the United States and its agencies, by Supreme Court precedent. J. Marshall states: (*Cohens v. Virginia,* 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)):

"The defendant in error moves to dismiss …, for want of jurisdiction."

"… second section of the third article of the constitution defines the extent of the judicial power of the United States. Jurisdiction is given to the Courts of the Union in … "**all cases in law and equity arising under this constitution, the laws of the United States, and treaties made, or which shall be made, under their authority**… without making in its terms any exception whatever, and without any regard to the condition of the party..." and **"controversies between two or more States, between a State and citizens of another State," "and between a State and foreign States, citizens or subjects." If these be the parties, it is entirely unimportant what may be the subject of controversy. Be it what it may, these parties have a constitutional right to come into the Courts of the Union**….
**The jurisdiction of the Court, then, being extended by the letter of the constitution to all cases arising under it, or under the laws of the United States**, it follows that those who would withdraw any case of this description from that jurisdiction, must sustain the exemption they claim on the spirit and true meaning of the constitution….

The counsel for the defendant in error have undertaken to do this; and have laid down the general proposition, that a sovereign independent State is not suable, except by its own consent.

… "**this constitution, and the laws of the United States, which shall be made in pursuance thereof, … shall be the supreme**

**law of the land; and the judges in every State shall be bound thereby,** *any thing in the constitution or laws of any State to the contrary notwithstanding*."

…power is conferred on Congress…to maintain… the constitution. … in their purity…the great duties of the government. **One of the instruments by which this duty may be peaceably performed, is the judicial department. It is authorized to decide all cases of every description, arising under the constitution or laws of the United States. From this general grant of jurisdiction, no exception is made of those cases in which a State may be a party. … We think a case arising under the constitution or laws of the United States, is cognizable in the Courts of the Union, whoever may be the parties to that case**….

**One of the express objects… for which the judicial department was established, is the decision of controversies … between a State and individuals. The mere circumstance, that a State is a party, gives jurisdiction to the Court. How, then, can it be contended, that the very same instrument, in the very same section, should be so construed, as that this same circumstance should withdraw a case from the jurisdiction of the Court, where the constitution or laws of the United States are supposed to have been violated? The constitution gave to every person having a claim upon a State, a right to submit his case to the Court of the nation. However unimportant his claim might be, however little the community might be interested in its decision, the framers of our constitution thought it necessary for the purposes of justice, to provide a** tribunal as superior to influence as possible, in which that claim might be decided.

**The people made the constitution, and the people can unmake it. … this supreme … power …resides only in the whole body of the people,** *not* **in any sub-division of them**. **The attempt of any of the parts to exercise it is** *usurpation*, **and ought to be repelled by those to whom the people have delegated their power of repelling it**…

A more important… object, was the preservation of the constitution and laws of the United States, so far as they can be preserved by judicial authority, and therefore **the jurisdiction of the Courts of the Union was expressly extended to all cases arising under that constitution and those laws**. If the constitution or laws may be violated by proceedings instituted by a

State against its own citizens, and if that violation may be such as essentially to affect the constitution and the laws, such as to arrest the progress of government in its constitutional course, why should these cases be excepted from that provision which expressly extends the judicial power of the Union to *all* cases arising under the constitution and laws?

**This would be a case arising under the constitution, and would be the very case now before the Cour**t…

… this Court … must take jurisdiction if it should. The judiciary cannot… avoid… With whatever doubts, … difficulties, a case may be attended, we must decide it, if it be brought before us. **We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution.** Questions may occur which we would gladly avoid, but we cannot avoid them. All we can do is, to exercise our best judgment, and conscientiously to perform our duty.

… controlled in their construction by circumstances. **One of these instances is, the grant by a State of a patent of nobility. The Court, he says, cannot annul this grant**.

… **but no interest … to strip the government of the means of protecting, by the instrumentality of its Courts, the constitution and laws from active violation**.

… the objections to its jurisdiction are not sustained."

**3.  Treason:** Defendants have committed treason by quashing plaintiff's patents, by Supreme Court precedent, and breach of Oath of Office and failure to enforce the Constitution and the Law of the Land.

Article VI of the Constitution makes the Constitution the "supreme Law of the Land."

J. Marshall declared (*Marbury v. Madison,* 1 Cranch 137, 5 U. S. 177 (1803):

"the Constitution……"the fundamental and paramount law of the nation"…It is emphatically the province and duty of the judicial department to say what the law is."

Every state legislator and executive and judicial officer is solemnly committed by oath taken pursuant to Art. VI, cl. 3 "to support this Constitution." Chief Justice Taney, said this requirement reflected the framers'

"anxiety to preserve it [the Constitution] in full force, in all its powers, and to guard against resistance to or evasion of its authority, on the part of a State. . . ."*Ableman v. Booth,* 21 How. 506, 62 U. S. 524 (1859).

J. Marshall declared:

"If the legislatures of…states may at will, annul the judgments of the courts of the United States, and destroy the rights acquired under those judgments, the constitution itself becomes a solemn mockery. . . ."*United States v. Peters,* 5 Cranch 115, 9 U. S. 136.

The U.S. Supreme Court stated:

"No … judicial officer can war against the Constitution without violating his undertaking to support it." *-- Cooper v. Aaron*, 358 U.S. 1, 78 S. Ct. 1401 (1958); *Cohens v. Virginia* (1821), *supra*;

"If a judge does not fully comply with the Constitution, then his orders are void, s/he is without jurisdiction, and s/he has engaged in an act or acts of treason." *-- Cooper v. Aaron*, *supra*;

"…if a court is without authority, its judgments and orders are … nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them… all persons concerned in executing such judgments …are considered, in law, as trespassers." *-- Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828);

See *Scheuer v. Rhodes*, *(supra),* (citing from *Ex parte Young,* 209 U. S. 123 (1908));

Justice Douglas, in his dissenting opinion at page 140 said, "If (federal judges) break the law, they can be prosecuted." Justice Black, in his dissenting opinion at page 141) said, "Judges, like other people, can be tried, convicted and punished for crimes... The judicial power shall extend to all cases, in law and equity, arising under this Constitution."[*Chandler v. Judicial Council of the 10th Circuit*, 398 U. S. 74, 90 S. Ct. 1648, 26 L. Ed. 2d 100 (1970)]

**"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it." "It is the only supreme power in our system of government, and**

**every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives**." [*U.S. v. Lee*, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)]

"When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost." [*Zeller v. Rankin*, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326]"

[In the instant case, we have the Federal and PTAB Judges lacking jurisdiction in the face of a Supreme Court mandate expressly (imposing a 'Prohibitive Duty') depriving jurisdiction; and, thereby losing immunity.]

"The courts are **_not_** bound by an officer's interpretation of the law under which he presumes to act." [*Hoffsomer v. Hayes*, 92 Okla 32, 227 F. 417]

Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of treason. [*Cooper v. Aaron*, 358 U.S. 1, 78 S. Ct. 1401 (1958)].

"No judicial process…can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." [*Ableman v. Booth*, 21 Howard 506 (1859)].

[As demonstrated by the instant process and procedure of quashing 'Granted Patents;' and, Defendants' instant motion.]

[The entire 'Revolving Door Patent Enterprise-Agency and Judicial Counterparts; as, well as Opposing Counsel in this action; cannot, assert their 'Ignorance of The Law of The Land' as an excuse for this (uncompromised) Court to 'Color' Defendants' Infringements of the Law of the Land mandated prohibition by grant of motion to dismiss or quash Plaintiff's 'Granted Patent' (compromisingly consistent with other treasonous

adjudicators).] <u>The constitutional rights of inventors are not to be sacrificed or yielded to the lawlessness of the actions of</u> USPTO/PTAB, District and Appellate court judges and Legislature. Law and order are not here to be <u>preserved by depriving</u> inventors of their constitutional rights. The constitutional rights of inventors not to be discriminated against in respecting 'Granted Patents' on **_any_** grounds "can neither be nullified openly and directly by state legislators or state executives or judicial officers, nor nullified indirectly by them through evasive schemes for disparate treatment whether attempted "ingeniously or ingenuously." *Smith v. Texas,* 311 U. S. 128, 311 U. S. 132. [Prior to enactment of the AIA, the 'Evasive Scheme' here was to breach the patent contract provision of 'Patent Prosecution History Estoppel' by (the Agency itself) remaining silent (as fraud) as to the estoppel (mal-processing the protected patent); venued, to the Federal Circuit as a (Colorful) 'New Patent Application' for the court to re-examine the construction and terms to adjudicate its patentability.]

> …<u>No state legislator or executive or judicial officer can war against the Constitution without violating his solemn oath to support it</u>. *Brown*, p. 358 U. S. 18.

[Except the 'Revolving Door Patent Enterprise-Agency and Judicial Counterparts; failing, to enforce and directly violating 'The (Prohibitive) Law of The Land.']

Quashing of 'Granted Patents' or property cannot be squared with the command of the Fourteenth Amendment that no State shall deny to any person within its jurisdiction the equal protection of the laws.

[Defense counsel propounds that the 14th Amendment applies only to the 'State;' not, the Federal Government! Perhaps? However, the argument is immaterial because the Mandate prohibiting the quashing of 'Government (Contract-'Granted Patents')', once

issued, applies to the Federal Government (Because, States do not issue 'Government (Contract-'Granted Patents')'). Since the United States is a Corporation (located in the District of Columbia); the, better argument would be that the mandate does not apply to the United States, Inc., because it is a corporation and not government. (Supporting the 'Axiom: An absurdity allowed, an infinity follows!']

> "A State acts by its legislative, its executive, or its judicial authorities. …The constitutional provision, therefore, must mean that **no agency of the State, or of the officers or agents by whom its powers are exerted, shall deny to any person within its jurisdiction the equal protection of the laws. Whoever, by virtue of public position under a State government, . . . denies or takes away the equal protection of the laws violates the constitutional inhibition; …**"

> *Ex parte Virginia,* 100 U. S. 339, 100 U. S. 347**. Thus, the prohibitions of the Fourteenth Amendment extend to all action of the State denying equal protection of the laws; whatever the agency of the State taking the action**, *see Virginia v. Rives,* 100 U. S. 313; *Pennsylvania v. Board of Directors of City Trusts of Philadelphia,* 353 U. S. 230; *Shelley v. Kraemer,* 334 U. S. 1; **or whatever the guise in which it is taken**, *see Derrington v. Plummer,* 240 F.2d 922; *Department of Conservation and Development v. Tate,* 231 F.2d 615.

[The right of an inventor not to be disparately denied Patent Prosecution History Estoppel protection] "is indeed so fundamental and pervasive that it is embraced in the concept of due process of law." *Bolling v. Sharpe,* 347 U. S. 497. The tragic aspect of this disruptive tactic was that the power of the USPTO/PTAB/CAFC was used ***not*** to sustain law, but <u>as an instrument for thwarting law</u>.

> "… request…that law should bow to force. To yield to such a claim would be to enthrone official lawlessness… if not checked, is the precursor of anarchy. … it has signaled the breakdown of

constitutional processes of government on which ultimately rest the liberties of all. Violent resistance to law cannot be made a legal reason for its suspension without loosening the fabric of our society. … **For those in authority thus to defy the law of the land is profoundly subversive not only of our constitutional system, but of the presuppositions of a democratic society.** The State "must . . . yield to an authority that is paramount to the State." Justice Holmes, *Brown*, p. 358 U. S. 23

"When defiance of law, judicially pronounced, was last sought to be justified before this Court, views were expressed which now especially relevant:
"**The historic phrase 'a government of laws, and not of men**' … John Adams … Massachusetts Declaration of Rights, … expressing the aim of those who… framed the Declaration of Independence … was the rejection in positive terms of rule by fiat, whether by the fiat of governmental or private power. Every act of government may be challenged by an appeal to law, as finally pronounced by this Court. …Being composed of fallible men, it may err. **But revision of its errors must be by orderly process of law. The Court may be asked to reconsider its decisions, and this has been done successfully again and again throughout our history.** ..."

… the Founders knew **that Law alone saves a society from being rent by internecine strife or ruled by mere brute power however disguised. 'Civilization involves subjection of force to reason, and the agency of this subjection is law.'** (Pound, The Future of Law (1937) 47 Yale L.J. 1, 13.) … **No one, no matter how exalted his public office or how righteous his private motive, can be judge in his own case**. **That is what courts are for**." p 358 U. S. 24; *United States v. United Mine Workers,* 330 U. S. 258, 330 U. S. 307-309.

[Except for the Federal  and PTAB Judges with shares in the Patent Infringer's Corporation; refusing, to vacate from quashing 'Granted Patent' contracts.]

"The duty to abstain from resistance to "the supreme Law of the Land," … **Active obstruction or defiance is barred.** … *See* President Andrew Jackson's Message to Congress of January 16, 1833, II Richardson, Messages and Papers of the Presidents (1896 ed.) 610, 623.

**4.** Denying and hindering access to the courts upon the question of due process itself  by making it expensive, unduly burdensome, etc.; warrants, redress.

**5.  This Court can grant plaintiff's requested relief.**

By upholding J. Marshall's *'First Impression'* mandated prohibition against rescinding patent grants and finding Plaintiff entitled to redress sought for infringements in relation to the unjust enrichments made therefrom.

Defendants allege:

> "… PTAB judges denied her electronic filing …, refused to docket her pleadings, and issued rulings in contravention of "Patent Prosecution History Estoppel" and "Constitutional Res Judicata", presumably by ruling against her….acting within their judicial capacity when they issued orders…unfavorable to plaintiff…."

[That the issued orders were unfavorable to Plaintiff is not an issue; rather, the object sought by the issued orders were directly (or indirectly) prohibited by mandate; under, color of their judicial capacity.] *See Ex parte Young*, 209 U. S. 123 (1908), *Monroe v. Pape*, *365 U.S. 167 (1961), prohibiting* "[m]is-use of power, …wrongdoer … clothed with the authority of state law…;" *United States v. Classic*, 313 U. S. 299, 313 U. S. 326 (1941)**;** *Pierson v. Ray*, 386 U. S. 547 (1967), *Sterling v. Constantin*, 287 U. S. 397, on Government officials non-exempt  from absolute judicial immunity,

> "no avenue of escape from the paramount authority of the…Constitution…when …exertion of…power… has overridden private rights secured by that Constitution,  the subject is necessarily one for judicial inquiry… against …individuals charged with the transgression."

Consequently, this District Court would be erring if it dismisses the complaint for lack of jurisdiction [Defendants' contradicted argument.]

PTAB Judges McNamara, Siu, Bisk, Turner "are independently divested of absolute judicial immunity by their complete lack of jurisdiction." [*Rankin v. Howard*, 633 F.2d 844 (1980)]. McNamara held direct stock in Microsoft, Third Party Requester in Plaintiff's patent re-exams, as per his own annual financial disclosure statement. Siu had financial and relationship conflicts of interest in Microsoft and IBM. They failed to recuse and denied Plaintiff due process.

> "[I]f there is [any] reasonable factual basis for doubting the judge's impartiality, he should disqualify himself *and let another judge preside over the case.*" *Marbury v. Madison*, 1 Cranch 137, 5 U. S. 177 (1803).

In dismissing the complaints and appeals, USPTO/PTAB, District Court and CAFC misled by SAP and JPMorgan, dismissed the complaints and appeals without due process or a hearing.  There was no opportunity afforded Plaintiff to contest the facts assumed in that conclusion. Plaintiff was sanctioned for simply asking PTAB Judge McNamara to recuse due to his financial conflicts of interest.

The documents properly before this  District Court at this early pleading stage specifically placed in issue whether the PTAB Judges were acting within the scope of their duties under the Constitution and laws of Virginia and California; whether they acted within the range of discretion permitted the holders of such office under Virginia and California law; and whether they acted in good faith both in quashing Plaintiff's patents and in denying Plaintiff access to justice and denying her due process and as to the actions taken by PTAB Judges. Similarly, the complaints place directly in issue whether the lesser officers and enlisted personnel of the USPTO and PTAB acted in good faith obedience to the orders of their superiors. Further proceedings, either by way of

summary judgment or by trial on the merits, are required. The complaining parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint.

**Every American Citizen:** who has taken an 'Oath' to protect and defend the U.S. Constitution and its *Res judicata* Decision on point as 'The Law of the Land'; ***must,*** immediately move to protect it from treasonous encroachments; ***the,*** failure in not reporting or charging the encroachers makes one (***prima facie***) guilty of 'Misprision of Treason.' 18 U.S.C. § 2382. Opposing counsel is attempting to induce this Court to deny Plaintiff her right to a forum.  All case law discussed *supra* applies to the instant case.

**VI.     Defendants' False Allegations: Uttering Falsehoods as to the law. Having no case, Defendants' Counsel of record manufactured the law.**

a) A Grant is not a Contract; contrary to Supreme Court *'First Impression'* Decision.

b) This Court lacks venue and jurisdiction to entertain Cases and Controversies regarding Contracts; [reserved, for the U.S. Court of Federal Claims.]; so, why did Defendants transfer a related case involving 'Granted Patents' to this Court instead of to the U.S. Court of Federal Claims?

c) Judges have absolute sovereign immunity even where they are in breach of oath to uphold the Law of the Land; contrary, to Supreme Court Decision.

d) That a judge in breach of oath to uphold and enforce the laws of the land are not guilty of treason; contrary, to Supreme Court Decision.

e) That a judge in breach of oath to uphold and enforce the laws of the land does not lose his jurisdiction; contrary, to Supreme Court Decision.

f) To rule on a Motion to Recuse is a normal judicial function; however, it is predicated upon 'due process' request for good cause showing; obliging, the judge to vacate [Especially, where a financial interest is involved.]

g) That a Sanction is a judicial act; however, the act is estopped where it prevents a notice of law to the court.

h) <u>Defendants and their counsel falsely allege that Plaintiff has not sent her Petition for Writ of Certiorari on the SAP case by 5/27/17. Defendants' counsel should be sanctioned and disbarred for lying to the Court</u>. *See* the Supreme Court's docket on Plaintiff's Case 16-1442.

| | |
|---|---|
| Jan 27 2017 | Application (16A736) granted by The Chief Justice extending the time to file until May 27, 2017. |
| Jan 27 2017 | Application (16A737) granted by The Chief Justice extending the time to file until May 27, 2017. |
| May 25 2017 | Petition for a writ of certiorari filed. (Response due July 5, 2017) |
| Jun 15 2017 | Waiver of right of respondent SAP America, Inc. to respond filed. |
| Jun 27 2017 | Supplemental brief of petitioner Lakshmi Arunachalam filed. (Distributed) |
| Jun 28 2017 | DISTRIBUTED for Conference of September 25, 2017. |

i) <u>Ruling on a Motion to Recuse due to PTAB Judges' Financial Interest in the Third Party Requester and Sanctions are without jurisdiction</u>.

Page 14 of D.I. 18, Defendants allege:

"Ruling on a party's motion is a normal judicial function." The imposition of sanctions is also a judicial act. (discussing Rule 11)."

Defendants' counsel has provided false illegal logic about Rule 11, which is irrelevant to the issue before the Court. PTAB Judges McNamara, Turner, Siu, Bisk denied Plaintiff her Due process right to a neutral judge, to emergency medical care during medical distress, Patent Prosecution History Estoppel protection, Constitutional *Res Judicata* right. PTAB Judge McNamara sanctioned Plaintiff without a hearing on the spot, for Plaintiff moving to recuse him due to his direct financial holdings in Microsoft, the Third Party Requester, as per his own signed annual financial disclosure statements. In light of the fact, any sanctions imposed by PTAB Judge McNamara must be looked on

with suspicion. PTAB Judges acted without jurisdiction. Sanction is without jurisdiction. One wrong does not justify another wrong, equally as ignorance of the law should not excuse counsel in this case. To rule on a Motion to Recuse is a normal judicial function; however, it is predicated upon a due process request for good cause showing obliging the Judge to remove/vacate, especially where a financial interest is involved.   Sanction is a judicial act that is alleged. However, a judge cannot sanction when Plaintiff is arguing the law. The act is estopped where it prevents a notice of law to the court.

j)   <u>Plaintiff's Motion to Recuse PTAB Judge due to His Financial Conflicts of Interest was not Improper nor Harassing Motions, in Misstatement     by Defendants' Counsel.</u>

Defendants' counsel has slandered Plaintiff in perjuring falsely that

> "Plaintiff filed a number of improper and harassing motions…."

On Page 15 of DI 18, Defendants falsely allege:

> "35  Sec 6(b) of USC…reexaminations pursuant to section 134(b) .
> . .  inter partes reviews and post grant reviews pursuant to chapters
> 31 and 32." 35 U.S.C. § 6 (2011). This is a clear grant of
> jurisdiction to PTAB judges…35, Section § 316(a)(6) directs the
> Director…to create regulations "prescribing sanctions for abuse of
> discovery, abuse of process, or any other improper use of the
> proceeding, such as to harass or to cause unnecessary delay or an
> unnecessary increase in the cost of the proceeding." 35 U.S.C. §
> 316(a)(6). …37 CFR 42.12, give PTAB courts the ability to
> expunge filings from the record, prevent parties from filing papers,
> and preclude parties from contesting issues….PTAB thus was well
> within its jurisdiction when it issued sanctions to plaintiff
> following her four harassing and improper motions."

This is a Misstatement and slander/libel by Defendants' counsel.

k)   <u>Defendants do not have absolute judicial immunity, as falsely alleged by Defendants and their Counsel. This Court does have subject matter jurisdiction over Plaintiff's Claims, despite false allegations by Defendants.</u>

Defendants falsely allege:

"…PTAB… entitled to absolute judicial immunity … this Court does not have subject matter jurisdiction over plaintiff's claims,…"

l) <u>Conspiracy claims fall under criminal statutes, as falsely alleged by Defendants' Counsel.  A Criminal statute is still a civil action. If Defendants are in doubt, they should ask O.J. Simpson.</u>

m) <u>Treason is a criminal charge…no basis for civil liability, falsely alleged by Defendants and their Counsel: treason is a misdemeanor- not a felony. Defendants' Counsel is ignorant as to the U.S. Supreme Court. Ruling on treason and on misprision of treason.</u>

n) <u>Defendants' falsely allege inconsistently "jurisdiction over contract claims over $10,000 to the Court of Federal Claims.</u>"

Defendants' Counsel is ignorant of contract law, patent law and the Law of The Land mandated prohibition with regard to quashing patent grants. Why does Defendants' Counsel not state that the Federal Circuit (CAFC) has jurisdiction. None of the courts can quash a Patent Grant. If she disagrees with J.  Marshall's *'First Impression'* ruling, Defendants' Counsel has to go to the legislature, not to the court. J.  Marshall's *'First Impression'* ruling is Constitutional *res judicata*. District courts do need to hear patent claims. Federal courts are ignorant of the law. Defendants and Defendants' Counsel's false allegations and fraud on the court are at once evident because they moved this Court to relate the case to Case No. 16-6591-EJD, not to the Court of Federal Claims or to CAFC. The Judiciary going along with Defendants and Defendants' counsel's fraud on the court is a fraud, in relating this case to Case 16-6591-EJD and not to the Court of Federal Claims or CAFC.

o) <u>Defendants falsely allege that "Plaintiff's count of hindering access to justice is barred by absolute judicial immunity, and 18 U.S.C. 242 does not create a private cause of action." Defendants must explain how PTAB Judges making it dangerous, hazardous and burdensome for Plaintiff to have access to justice is not unconstitutional.</u>

p) <u>Defendants falsely argue that Section 242 is a criminal statute. This statute is here to protect victims, Defendants' counsel must explain what is the point then in having the law.</u>

q) <u>Defendants falsely allege that Conspiracy claim must be dismissed and for failure to allege tort. Plaintiff retorts that Judges know they cannot quash a grant and are doing it collusively and wantonly.</u>

Defendants ask:  Whether this court has jurisdiction over contracts claims against the United States and its agencies. **Yes.** See detailed discussion *supra*. Defendants allege that U.S. Court of Federal Claims also has jurisdiction, to frustrate the proceedings and cause delays so that this Count for Breach of Contract is transferred by this Court to that Court.

Page 17 of D.I. 18, Defendants allege:

> "("In sovereign immunity analysis, any lawsuit against an agency of the United States . . . is considered an action against the United States.")…The Tucker Act waives … sovereign immunity for actions founded upon "any express or implied contract with the United States," but it gives jurisdiction over such disputes to the Court of Federal Claims, not to the district courts. 28 U.S.C. § 1491(a)(1) (2011). The Little Tucker Act gives the district courts jurisdiction over a claim … for $10,000 or less. 28 U.S.C. § 1346(a)(1)…. it is not in the interest of justice to transfer claims that are "unlikely to be meritorious in another court of the United States." … Federal Circuit…ruled that a patent is not a contract, …where Federal Circuit rulings are controlling, and transferring it would not be in the interest of justice."

Defendants and Defendants' counsel have argued falsely because the Federal Circuit is not the highest authority, the U.S. Supreme Court is. The Federal Circuit's alleged rulings, contrary to the Supreme Law of The Land, are void in view of U.S. Supreme Court J. Marshall's *'First Impression'* ruling prohibiting the quashing of patent grants.

Defendants falsely allege:

o) <u>Defendants falsely allege that "Plaintiff's count of hindering access to justice is barred by absolute judicial immunity, and 18 U.S.C. 242 does not create a private cause of action." Defendants must explain how PTAB Judges making it</u>

<u>dangerous, hazardous and burdensome for Plaintiff to have access to justice is not
unconstitutional</u>.

Defendants further allege:

> "…plaintiff alleges the following facts: that the defendants "denied
> her electronic filing and refused to docket her pleadings and
> required [p]laintiff to call a teleconference with the [PTAB] and
> opposing counsel . . . in order for the PTAB to decide whether it
> would even docket her pleadings."… PTAB is entitled to absolute
> judicial immunity for those actions. See Section III.B.1.-2."

p) <u>Defendants falsely argue that Section 242 is a criminal statute. This statute is here
to protect victims, Defendants' counsel must explain what is the point then in
having the law.</u>

> Misuse of power possessed by virtue of state law and made
> possible only because the wrongdoer is clothed with the authority
> of state law is action taken "under color of" state law within the
> meaning of § 1979. *United States v. Classic*, 313 U. S. 299; *Screws
> v. United States*, 325 U. S. 91. Pp. 365 U. S. 183-187.

q) <u>Defendants falsely allege that Conspiracy claim must be dismissed and for  failure
to allege tort.  Plaintiff retorts that Judges know they cannot quash a grant and are
doing it collusively and wantonly and deprived Plaintiff of her property, which is
tort.</u>

After being put on notice, the Courts and PTAB still continue to quash the grants,

committing treason on the constitution willfully and wantonly. The Courts were in

violation of their oaths of office, which is the issue in this case, not in *Twombly*, which

Defendants' counsel falsely draw a false parallel between the instant case and *Twombly,*

which does not apply in this case. Are Defendants and Defendants' counsel arguing

inconsistently, as they stated that this case has to go to the Court of Federal Claims.

<u>Defendants unlawfully depriving Plaintiff of her patent is a deprivation of property and</u>

**<u>constitutes a tort</u>**.

Defendants ask: Whether plaintiff's conspiracy count states a claim plausible on its face.

**Yes.** By collusively, willfully and wantonly  not enforcing J. Marshall's constitutional precedent prohibiting the quashing of 'Granted Patents' and Patent Prosecution History Estoppel, upheld by the Supreme Court and tortuously denied Plaintiff due process rights.

On pp. 19-20  of D.I. 18, , Defendants falsely state:

> "plaintiff's allegations, just like those in Twombly, do not cross the line "from conceivable to plausible" and her conspiracy claim should be dismissed."

Defendants ask: Whether plaintiff's due process count states a valid claim for relief. **Yes.** Defendants denied Plaintiff due process and violated the 14th Amendment.

On pp. 10 -11, (D.I 18), Defendants  and Defendants' counsel continue slandering Plaintiff to bring Plaintiff  to ill-repute, taking what was written by third party and recklessly uttering falsehood that Plaintiff wrote the third party writings and publishings of which Plaintiff was not even aware of and did not know until opposing party wrote to the Court and/or PTAB and  Defendants' counsel recklessly asserted Plaintiff  did it, even though  a third party had done it and Plaintiff is not responsible for public opinion and Defendants' counsel has committed perjury in stating a lie to this Court when PTAB judges denied Plaintiff due process disparately and refused to accept Plaintiff's pleadings and Defendants' counsel's misstatements are a lie:

> "she filed an unauthorized paper in … SAP reviews entitled "Patent Owner's Request for Relief From Judge's Financial Conflict of Interest" ("the First Subject Papers"). Cormier Decl. ¶ 15 and Ex. L at 2 (Order Expunging Unauthorized Filings and Imposing Sanctions. The First Subject papers contained "sensitive information and unsubstantiated allegations concerning Judge Brian McNamara, who [was] administering the proceeding." Cormier Decl. Ex. L at 2. After the PTAB removed the First Subject Papers from public view, they were released on a website that referred to plaintiff by name and included "a picture of Judge McNamara … with a skull and crossbones in a yellow triangle and

a link to the First Subject Papers." Cormier Decl. Ex. L at 2. Seven days later, plaintiff filed another unauthorized paper entitled "Patent Owner's Notice To PTAB About Denial of Due Process To Patent Owner and Motion to Recuse PTAB Judges" ("Second Subject Papers"). Cormier Decl. Ex. L at 2-3. …Cormier Decl. Ex. L at 3… PTAB imposed a series of sanctions on the plaintiff: the unauthorized filings were removed from the docket, her electronic filing privileges were revoked, and she was required to seek authorization of the PTAB via email or conference call before submitting any filings in any proceeding."

### VII. Slander/Libel: Defendants' and their Counsels' Slanderous Comments are Punitively Unmeritorious. Defendants' Counsels' Utterings unsupported by Record and Facts.

Defendants and their counsel are inconsistent with factual findings and uttering third party hearsay, contrary to the record.  Defendants and their Counsel are recklessly negligent in uttering libel to this Court; upon, a publication of a third party (not a party to this action or any action by Plaintiff) relying on this Court (disparately) to notice the 'False Light' (disbarringly) attributing (for which there can be no just excuse.). Even if Defendants' counsels lies and false statements were true, this Court cannot dismiss the case on fabrications and lies and contrary to law and contrary to the Law of The Land.

Defendants continue to slander Plaintiff in lying as follows:

""her factual allegations are sparse."
Cormier Decl. Ex. L at 5. On January 27, 2017, the Supreme Court granted plaintiff through May 27, 2017 to file a petition for a writ of certiorari. Cormier Decl. ¶ 17 and Ex. N (Docket in Case No. 15-1424). The docket, however, shows no further activity on the plaintiff's part. Cormier Decl. Ex. N.
Both seem to spring out of the same series of events."
"Federal defendants also move to dismiss for failure to state a claim….must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Legal conclusions may "provide the framework of a complaint, [but]…must be supported by factual allegations. Claims based on factual allegations that do not "raise a right to relief above the speculative level" are to be dismissed…."

Plaintiff responds with U.S. Supreme Court precedents:

> "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer; Conley v. Gibson,* 355 U. S. 41, 355 U. S. 45-46 (157)

Defendants ask: Whether this Court can grant plaintiff's requested relief. Yes. By upholding J. Marshall's Constitutional Precedent prohibiting the Quashing of Patent Grants. If this Court buys this fraud on the court by Defendants, this Court should be removed for incompetence and breaching its oath of office. The PTAB and courts cannot quash a patent grant. **Plaintiff retorts:** The Federal Circuit is not the highest authority, the U.S. Supreme Court is. —*Markman v Westview.* Defendants have asked the Court to deny that the PTAB and courts quashed a grant, and caused Plaintiff's patents to be infringed, and Defendants owe Plaintiff money for infringement. Any process that does not give a fair hearing entitles Plaintiff to redress and real compensation. Federal agencies allowed themselves to be sued. For example, even under the tort claims act. Defendants ask: Whether it would be futile to allow plaintiff to amend her Complaint. No. However, the question is moot. If a judge buys any of Defendants' counsel's contradictory arguments, it would be futile to have courts. No ignorance of constitutional law, patent or contract law excuses the Courts or Defendants or their counsel. Defendants' counsel's incompetent opinion on Plaintiff's constitutional right to property by Law of The Land is invalid. This Court cannot quash a government grant, unless the U.S. Supreme Court reverses *Fletcher*. …"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br>Plaintiff,<br>vs.<br>THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEALS BOARD,<br>THE UNITED STATES,<br>AND<br>DOES 1-100 INCLUSIVE,<br>Defendants | CASE NO. CV 17-3325-EJD<br><br>**PLAINTIFF'S RULE 60(b) MOTION TO VACATE JUDGMENT FOR ERROR BY THE COURT; AND NOTICE OF HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LAKSHMI-ARUNACHALAM, PH.D.**<br><br>DATE: February 8, 2018<br>TIME: 9:00 a.m.<br>COURTROOM: 4, 5th Floor<br>HON. EDWARD J. DAVILA |

## CERTIFICATE OF SERVICE

I hereby certify that I filed via CM/ECF the attached "PLAINTIFF'S RULE 60(b) MOTION TO VACATE JUDGMENT FOR ERROR BY THE COURT; AND NOTICE OF HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LAKSHMI-ARUNACHALAM, PH.D, Proposed Order and Exhibit" in this case this 13th day of August, 2017 and I certify that on 10/13/17, I caused to be served via CM/ECF a copy on Defendants' counsel of record and I served Defendants via U.S. First Class Mail a copy of the same  and I have also sent by U.S. First Class Mail a copy of this filing to be filed in  all three related Cases 17-3325-EJD, 17-3383-EJD and 16-6591-EJD.

DATED: October 13, 2017                          Respectfully submitted,

*Lakshmi Arunachalam*

222 Stanford Av, Menlo,Park, CA 94025          Lakshmi-Arunachalam, Ph.D.
650 690 0995;laks22002@yahoo.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEALS BOARD,<br>THE UNITED STATES,<br>AND<br>DOES 1-100 INCLUSIVE,<br>Defendants | CASE NO. CV 17-3325-EJD<br><br>**PLAINTIFF'S RULE 60(b) MOTION TO VACATE JUDGMENT FOR ERROR BY THE COURT; AND NOTICE OF HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LAKSHMI-ARUNACHALAM, PH.D.**<br><br>DATE: February 8, 2018<br>TIME: 9:00 a.m.<br>COURTROOM: 4, 5th Floor<br>HON. EDWARD J. DAVILA |

**LAKSHMI-ARUNACHALAM, PH.D.'s DECLARATION IN SUPPORT OF PLAINTIFF'S RULE 60(b) MOTION TO VACATE JUDGMENT FOR ERROR BY THE COURT; AND NOTICE OF HEARING; MEMORANDUM OF POINTS AND AUTHORITIES**

I, LAKSHMI-ARUNACHALAM, PH.D. declare:

I am the inventor and assignee of U.S. Patent No. 6,212,556 which is the subject of CAFC Appeal 16-1607; U.S. Patent Nos. 5,987,500; 8,037,158; 8,108,492 that are the patents-in-suit in the *JPMorgan* case and my other cases in the U.S. District Court for the District of Delaware and SAP PTAB/CAFC cases; U.S. Patent No. 7,340,506 that is the patent-in-suit in 1:16-cv-281 (D. Del.) and 1:16-cv-358 (COFC); U.S. Patent No. 8,271,339 patent in the *Fulton Bank* case; and U.S. Patent No. 7,340,506/US 7,340,506 C1 that has re-emerged successfully from an *inter-partes* re-examination by the United States Patent and Trademark Office initiated by Microsoft, all of which derive their priority date from my provisional patent application with S/N 60/006,634 filed November 13, 1995. I reside at 222 Stanford Avenue, Menlo Park, CA 94025. I am *pro se* Plaintiff

in the above-captioned action. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

I am a Senior Citizen and all the statements made in the foregoing documents, and PLAINTIFF'S RULE 60(b) MOTION TO VACATE JUDGMENT FOR ERROR BY THE COURT; AND NOTICE OF HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; and in this Declaration are true and correct, to the best of my knowledge and said Motions are presented in good faith and not for delay.

I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 13th day of October, 2017 in Menlo Park, California.

_Lakshmi Arunachalam_
Lakshmi-Arunachalam, Ph.D.

222 Stanford Avenue
Menlo Park, CA 94025
650 690 0995, laks22002@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br>Plaintiff,<br>vs.<br>THE UNITED STATES PATENT<br>AND TRADEMARK OFFICE,<br>PATENT TRIAL AND APPEALS<br>BOARD,<br>THE UNITED STATES,<br>AND<br>DOES 1-100 INCLUSIVE,<br>Defendants | CASE NO. CV 17-3325-EJD<br><br>**PLAINTIFF'S RULE 60(b) MOTION TO VACATE JUDGMENT FOR ERROR BY THE COURT; AND NOTICE OF HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LAKSHMI-ARUNACHALAM, PH.D.**<br><br>DATE: February 8, 2018<br>TIME: 9:00 a.m.<br>COURTROOM: 4, 5th Floor<br>HON. EDWARD J. DAVILA |

**PROPOSED ORDER GRANTING RELIEF UNDER F.R.C.P. 60(b)**

The Court hereby GRANTS plaintiffs' motion for relief under F.R.C.P. 60(b) and ORDERS the Judgment and Order of 9/14/17 be vacated and to be given no legal force or effect.

Dated:  October  __, 2017                                   _____

                                                                                           Judge

39