UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LAKSHMI ARUNACHALAM,

        Plaintiff,

    v.

UNITED STATES PATENT AND
TRADEMARK OFFICE, et al.,

        Defendants.

Case No. 5:17-cv-03325-EJD

**ORDER DENYING PLAINTIFF'S
MOTION TO VACATE JUDGMENT**

**RE: DKT. NO. 40**

## I. INTRODUCTION

Plaintiff Dr. Lakshmi Arunachalam ("Plaintiff") moves to vacate the Judgment entered on

September 14, 2017, pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff contends that the

Judgment "is void; fraud, misrepresentation and misconduct by an opposing party, namely the U.S.

Attorney Ms. C. Cormier; or any other reason that justifies relief, namely, abuse of discretion and

judicial misconduct." Motion, p. 1. The motion is fully briefed and scheduled to be heard on

February 8, 2018. The Court finds it appropriate to take the motion under submission for decision

without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below,

Plaintiff's motion to vacate the Judgment is DENIED.

## II. BACKGROUND

Plaintiff alleges that she is an inventor and owns several patents relating to technology

underlying Web applications, and that she has been deprived of her patents in violation of her

constitutional rights. Plaintiff asserts claims for breach of contract, treason, conspiracy and denial

of due process, which are all predicated on actions taken by the PTAB during its review of

Plaintiff's patents. Among other things, Plaintiff alleges that the PTAB denied her electronic

filing privileges, refused to docket her pleadings, and issued rulings that were adverse to her. In the prayer for relief, Plaintiff seeks to void all USPTO and PTAB orders against her, and requests an award of damages in excess of $250 billion.

On September 14, 2017, the Court granted Defendants' motion to dismiss because Plaintiff's claims are barred by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (federal judges have absolute immunity from civil liability for acts taken in their judicial capacity); see also Jones v. U.S. Supreme Court, 2010 WL 2975790 (N.D. Cal. 2010) (judicial immunity bars claims that are based upon allegations concerning judicial officer's decision-making while presiding over cases and acts performed in judicial capacity). The Court also held that sovereign immunity applies to the claims against the United States. See United States v. Mitchell, 463 U.S. 206, 212 (1983); see also Balser v. Dept. of Justice, 327 F.3d 903, 907 (9th Cir. 2003) (any lawsuit against an agency of the U.S. is an action against the U.S.). Judgment was entered accordingly.

On October 13, 2017, Plaintiff filed the instant motion to vacate the Judgment as well as a notice of appeal. On January 8, 2018, the Federal Circuit dismissed the appeal for failure to prosecute.

## III. STANDARDS

Pursuant to Rule 60(b), Fed.R.Civ.P., the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (6) any other reason that justifies relief.

## IV. DISCUSSION

Plaintiff first contends that the Court erred by dismissing the case based upon the

doctrine of judicial immunity instead of considering the merits of Plaintiff's claims. The Court's determination that judicial immunity applies is not erroneous. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 357 (1978). Here, there is no evidence that any Defendant acted in the clear absence of all jurisdiction.

Second, Plaintiff contends that the Judgment should be vacated in light of new evidence in the form of (1) a recent ruling in Aqua Products, Inc. v. Matal, 872 F.3d 1290 (Fed. Cir. 2017) and (2) an article entitled "When Ineffective Assistance Becomes Malpractice" by Jonathan H. Adler dated November 5, 2009. The judicial opinion and the article do not constitute "new evidence." Moreover, the judicial opinion and the article do not have any relevance to the applicability of the doctrine of judicial immunity or sovereign immunity.

Third, Plaintiff asserts that the Judgment is inequitable because Defendants' counsel allegedly committed fraud and misconduct. Specifically, Plaintiff asserts that Defendants' counsel did not have permission to represent the defendants in a related case entitled Arunachalam v. Andrews et al., C17-3383-EJD. The evidence is to the contrary. See Dkt. 32-1. There is no evidence of fraud.

Fourth, Plaintiff asserts that the Judgment is void because the USPTO, PTAB judges and federal judges have "warred against the Constitution and breached their solemn Oaths of Office." Motion, p. 7. As discussed previously, the doctrine of judicial immunity and sovereign immunity apply.

Fifth, Plaintiff asserts that subsection (b)(5) applies in light of the ruling in Aqua Products, supra. The Aqua Products decision, however, was issued in a separate suit and has no relevance to the doctrine of judicial immunity and sovereign immunity upon which the Judgment in this case was based.

Finally, subsection (b)(6) applies only where there are "extraordinary circumstances." See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 n. 11 (1988). This case does not

United States District Court
Northern District of California

present "extraordinary circumstances" that would justify vacating the Judgment.

## V. CONCLUSION

Plaintiff's motion to vacate the Judgment is DENIED.

**IT IS SO ORDERED.**

Dated:  January 23, 2018

_____
EDWARD J. DAVILA
United States District Judge